**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
CRYSTAL ICING, LLC,                            :
                                               :
                    PLAINTIFF,                 :            COMPLAINT
                                               :
        V.                                     :      CIVIL ACTION NO.:_____
                                               :
GLOBAL CELLULAR, INC. AND                      :
CELLAIRIS FRANCHISE, INC.,                     :
                                               :
                    DEFENDANTS.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --   X

Plaintiff Crystal Icing, LLC ("Crystal Icing"), by its attorneys Harter Secrest & Emery

LLP, as and for its complaint against defendants Global Cellular, Inc. ("Global") and Cellairis

Franchise, Inc. ("Cellairis") (collectively "Defendants") alleges as follows:

JURISDICTION AND VENUE

1.      These copyright claims arise under 17 U.S.C. sections 101, *et seq.*  This Court

has subject matter jurisdiction over this matter pursuant to 28 U.S.C. sections 1331 and 1338.

2.      Venue is appropriate in the Western District of New York under 28 U.S.C.

sections 1391 and 1400 in that Defendants do business and/or have franchise locations at

Eastview Mall (7979 Pittsford-Victor Road, Victor, New York 14564), Marketplace Mall (1

Miracle Mile Drive, Rochester, New York 14623), and the Mall at Greece Ridge (271 Greece

Ridge Drive Center, Rochester, New York 14626), which are within the Western District of New

York and at which Defendants sell the infringing goods, a substantial part of the events giving

rise to these claims occurred in the Western District of New York, and Defendants have

significant contacts with the Western District of New York.

3.      This Court has personal jurisdiction over the Defendants because the Defendants

transact business within the District; contract to supply goods in the District; committed tortious

acts within the District; and committed tortious acts outside of the District causing injury to Crystal Icing within the District and regularly do or solicit business or engage in a persistent course of conduct, or derive substantial revenue from goods used or consumed in the District and expect or should reasonably expect their tortious acts to have consequences in the District and they derive substantial revenue from interstate commerce.

### PARTIES

4.      Plaintiff Crystal Icing is a limited liability company organized and existing under the laws of the State of New York.  Crystal Icing's principal place of business at 274 North Goodman Street, Suite B 265, Rochester, New York 14607.

5.      Upon information and belief, defendant Global is a corporation organized and existing under the laws of the State of Georgia, having its principal office at 6485 Shiloh Road, Building B-100, Alpharetta, Georgia 30005.

6.      Upon information and belief, defendant Cellairis is a corporation organized and existing under the laws of the State of Georgia, having its principal office at 6485 Shiloh Road, Building B-100, Alpharetta, Georgia 30005.

7.      Upon information and belief, Cellairis is a franchisor that owns a system for the operation of Cellairis branded kiosks, which specialize in the sale of wireless/cellular telephone accessories.

8.      Upon information and belief, Global sells and provides wireless/cellular telephone accessories to Cellairis's franchises.

### COPYRIGHT INFRINGEMENT

9.      Crystal Icing has created numerous crystal designs, which include crystal cellphone covers.

1739620_1

10.     Crystal Icing has applied for and obtained copyright registrations for many of its designs.

11.     Below is a list of several of Crystal Icing's copyright applications and registrations:

     a.    2007 Crystal Icing Collection, Registration No. VA 1-790-629, which covers, among other things, the pink and white stripes with flowers design ("Stripes with Flowers Design") and the blue kuai flower design ("Blue Kuai Design"), which is attached as Exhibit A;

     b.    2009 Crystal Icing Collection, Registration No. VA 1-790-627, which covers, among other things the skull with swirls design ("Girly Swirly Scull Design") and the pink, black, and white plaid design ("Pink, Black, and White Plaid Design"), which is attached as Exhibit B;

     c.    2010 Crystal Icing Collection, Registration No. VA 1-790-625, which covers, among other things, the cherry hearts design ("Cherry Hearts Design"), which is attached as Exhibit C;

     d.    Spring Crystal Icing Collection [2010], Application filed on December 28, 2011, which covers, among other things, the pink, purple, black, and white swirl design ("Pink Swirl Design") and the hearts in motion design ("Hearts in Motion Design"), which is attached as Exhibit D;

     e.    Spring Crystal Icing Collection [2011], Application filed on June 11, 2012, which covers, among other things, the clovers heart design ("Clover Heart Design"), the Girly Swirly Scull Design in crystal, the pink, black, and white kuai flower design ("Pink Kuai Design"), and the purple, black, and white swirl design ("Purple Swirl Design"), which is attached as Exhibit E; and

     f.    Watermelon Argyle, Application filed on August 9, 2012, which covers the pink, green, white, and black plaid design ("Watermelon Argyle Design"), which is attached as Exhibit F.

All of these designs are collectively referred to as the "Registered Works."

12.     Defendants are selling and have sold a significant number of items, including cellphone accessories, bearing copies of Crystal Icing's Registered Works.

13.     Below and attached are examples of Defendants' cellphone accessories that infringe Crystal Icing's rights in the Registered Works:

1739620_1

a.   Cellphone cover bearing the Watermelon Plaid Design, attached as Exhibit G;

b.   Cellphone cover bearing the Blue Kuai Design, attached as Exhibit H;

c.   Cellphone cover bearing the Pink Kuai Design, attached as Exhibit I;

d.   Cellphone cover bearing the Girly Swirly Scull Design, attached as Exhibit J;

e.   Cellphone cover bearing the Hearts in Motion Design, attached as Exhibit K;

f.   Cellphone cover bearing the Pink, Black, and White Plaid Design, attached as Exhibit L;

g.   Cellphone cover bearing the Pink Swirl Design, attached as Exhibit M;

h.   Cellphone cover bearing the Stripes with Flowers Design, attached as Exhibit N;

i.   Cellphone cover bearing the Cherry Hearts Design, attached as Exhibit O;

j.   Cellphone cover bearing the Clover Heart Design, attached as Exhibit P;

k.   Cellphone cover bearing the Purple Swirl Design, attached as Exhibit Q.

14.    Upon information and belief, Defendants, with actual or constructive knowledge of Crystal Icing's ownership interest in the Registered Works, knowingly and willfully copied the designs in violation of Crystal Icing's rights.

15.    Said copying by the Defendants was without the prior knowledge or consent of Crystal Icing.

16.    As a result of the Defendants' actions, Crystal Icing has been damaged, having sustained lost profits and other damages in an amount not readily ascertainable.

17.    To the extent that the Defendants' acts are continuing, Crystal Icing's remedy at law is inadequate as Crystal Icing's damages are irreparable without the imposition of injunctive relief.

**WHEREFORE**, Crystal Icing respectfully demands judgment as follows:

1.   that Crystal Icing's copyrights be adjudged to have been infringed by the copying of Registered Works by the Defendants;

2.   that the Defendants be adjudged to have willfully violated the provisions of 17 U.S.C. sections 501, *et seq.,* by violating Crystal Icing's copyright rights in the Registered Works;

3.   that the Defendant be required to account to Crystal Icing for any and all such damages as Crystal Icing has sustained or incurred as a consequence of the Defendants' infringement, together with the Defendants' profits;

4.   that the Court issue an order requiring, during the pendency of the action, the impounding of all infringing items, including plates, molds, materials, matrices, masters, or other articles by means of which said copies may be reproduced, all pursuant to 17 U.S.C. section 503(a);

5.   that the Defendants be required to pay to Crystal Icing such compensatory damages as the evidence will show for the injuries sustained by Crystal Icing in consequence of the acts herein complained of according to such proof, and that Crystal Icing be awarded the Defendants' profits or statutory damages, whichever is greater by reason of said acts;

6.   that the Defendants be required to deliver up for destruction all infringing articles;

7.   that Crystal Icing recover its costs, attorney's fees and expenses of this suit pursuant to 17 U.S.C. section 505; and

1739620_1

8.      any other and further relief that this Court deems just and proper.


August 13, 2012                              /s/ Kimberly I. Shimomua
                                             Kimberly I. Shimomura, Esq.
                                             *Attorneys for Plaintiff Crystal Icing, LLC*
                                             Harter Secrest & Emery LLP
                                             1600 Bausch and Lomb Place
                                             Rochester, New York 14604-2711
                                             (585) 232-6500
                                             kshimomura@hselaw.com